**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 8409
jsc@cogburnlaw.com
LARSON A. WELSH ESQ.
Nevada Bar No. 12517
lw@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN PINCHUK, an individual, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Case No: 2: |
| vs. | |
| AMERICAN CORADIUS INTERNATIONAL LLC., a Foreign Corporation, | **COMPLAINT** **(Class Action)** |
| Defendant. | |

Steven Pinchuk ("Plaintiff/Class Representative"), by and through his counsel of record, Cogburn Law Offices, hereby complains against American Coradius International LLC ("Defendant") as follows:

**I.**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

/ / /

/ / /

Page 1 of 6

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

**II.**

**JURISDICTION**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).  Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b) as the subject matter of the alleged debt is located in Clark County, Nevada.

**III.**

**PARTIES**

3.     Plaintiff is a natural person who resided in Clark County, Nevada.

4.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.     Defendant is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

**IV.**

**CLASS ACTION ALLEGATIONS**

7.     Class Representative brings this Class Action against Defendant on behalf of himself and all other individuals who received dunning letters from Defendant regarding an alleged debt owed resulting from residential real estate which was sold by way of a "short sale."

8.     Defendant's debt collection methods as set forth herein have been and are continuing.

9.     As the Class Representative, Plaintiff, on behalf of himself and the class, seeks to represent, equitable and legal remedies including monetary and nonmonetary remedies necessary to redress Defendant's violations of the FDCPA.

10.    The Class is so numerous that joinder of all members is impracticable as the scope of Defendant's debt collection activities reach is so geographically extensive.

/ / /

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

1    11.    The questions of law and fact are common to the class as the class action is based

2    on FDCPA violations for individuals that received Defendant's collection letters as set forth

3    herein.

4    12.    The claims of the Class Representative claims are identical to those of the Class.

5    13.    The Class Representative will fairly and adequately protect the interests of the

6    Class.

7    **V.**

8    **FACTUAL ALLEGATIONS**

9    14.    At various and multiple times prior to the filing of the instant complaint, including

10   within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an

11   attempt to collect an alleged outstanding debt.    Defendant's conduct violated the FDCPA in

12   multiple ways, including but not limited to:

13        a.    Engaging in conduct the natural consequence of which is to harass, oppress, or

14             abuse the consumer. 15 U.S.C. § 1692d;

15        b.    Making false, deceptive or misleading representations regarding the character

16             and status of the debt. 15 U.S.C. § 1692(e);

17        c.    Using unfair or unconscionable means against our clients in connection with

18             an attempt to collect a debt 15 U.S.C. § 1692(f).

19   15.    Defendant's aforementioned violations of the FDCPA are based upon the

20   following:

21        a.    Defendant sent Plaintiff a dunning letter dated December 16, 2011 ("Dunning

22             Letter") regarding an alleged debt owed to "CITI MORTGAGE" ("Citibank"),

23             for a deficiency balance on real property.

24        b.    Defendant had recently sold the real property at issue herein by way of a

25             "short sale."    Prior to finalizing the short sale Plaintiff obtained written

26             confirmation from Citibank that the deficiency balance on the real property

27             would be waived and therefore not pursued.    Plaintiff therefore did not owe

28

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

1      Citibank any monies.

2          c.  Defendant sent Plaintiff a dunning letter even though they knew he did not

3              owe the original creditor any monies.  The purpose of this dunning letter was

4              to harass, oppress and abuse Plaintiff.

5          d.  Additionally, the Dunning Letter made false, deceptive and misleading

6              representations regarding the character and status of the alleged debt – i.e. that

7              Plaintiff owed "$84,921.55" and "[b]ecause of interest, late charges, and other

8              charges that may vary from day to day, the amount due on the day you pay

9              may be greater" when in fact he did not owe the creditor any monies.

10         e.  Finally, it was unfair and unconscionable for Defendant to attempt to seek

11             financial gain from Plaintiff, when in fact, Plaintiff did not owe any monies to

12             the original creditor, or Defendant.

13     16.    Defendant's aforementioned violations of the FDCPA also constitute an invasion

14  of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

15     17.    Defendant's aforementioned violations of the FDCPA also constitute an

16  intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life,

17  conducted in a manner highly offensive to the reasonable person.  With respect to these activities

18  of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable

19  under the circumstances.

20                                    **VI.**

21                         **FIRST CLAIM FOR RELIEF:**

22        **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23     18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

24     19.    As a direct and proximate cause of the acts described above, Plaintiff has

25  sustained and suffered damages.

26     20.    The Defendant's conduct as alleged herein was willful, intentional, oppressive,

27  fraudulent, malicious, and done in reckless disregard of the rights of Plaintiff, thereby warranting

28

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

1 the imposition of punitive damages.

2    21.    Plaintiff has been forced to retain the services of legal counsel and Plaintiff is

3 entitled to an award of reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF:**

**COMMON LAW INVASION OF PRIVACY BY INTRUSION**

6    22.    Plaintiff reincorporates by reference all of the preceding paragraphs.

7    23.    As a direct and proximate cause of the acts described above, Plaintiff has

8 sustained and suffered damages.

9    24.    The Defendant's conduct as alleged herein was willful, intentional, oppressive,

10 fraudulent, malicious, and done in reckless disregard of the rights of Plaintiff, thereby warranting

11 the imposition of punitive damages.

12    25.    Plaintiff has been forced to retain the services of legal counsel and Plaintiff is

13 entitled to an award of reasonable attorneys' fees.

**PRAYER FOR RELIEF**

15    **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

16 Defendant, on all counts, for the following:

17       1. Declaratory judgment that Defendant's conduct violated the FDCPA;

18       2. Actual damages;

19       3. Statutory damages;

20       4. Punitive damages;

21       5. Costs and reasonable attorneys' fees; and

22       6. For such other and further relief as the Court may deem just and proper.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

1

**JURY DEMAND**

2    Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. § 1982(a)(c)(1) and the Seventh Amendment

3  to the United States Constitution, Plaintiff hereby demands a trial by jury.

4    DATED this 1st day of May, 2012.

5                                    COGBURN LAW OFFICES

6

7    By: /s/   Larson A. Welsh, Esq.
       JAMIE S. COGBURN, ESQ.
       Nevada Bar #8409
8      LARSON A. WELSH, ESQ.
       Nevada Bar #12517
9      9555 S. Eastern Ave., Suite 280
       Las Vegas, NV  89123
10     Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28