COGBURN LAW OFFICES
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 8409
jsc@cogburnlaw.com
LARSON A. WELSH ESQ.
Nevada Bar No. 12517
lw@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN PINCHUK, an individual, WILLIAM CARR, an individual; and JULIE CARR, an individual on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN CORADIUS INTERNATIONAL LLC., a Foreign Corporation,<br><br>Defendant. | Case No: 2:12-CV-00723<br><br>**AMENDED COMPLAINT**<br>(Class Action) |

Steven Pinchuk, William Carr and Julie Carr ("Plaintiffs/Class Representatives"), by and through their counsel of record, Cogburn Law Offices, pursuant to Federal Rule of Civil Procedure 15(a), hereby file their First Amended Complaint against American Coradius International LLC ("Defendant") as follows:

I.

INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b) as the subject matter of the alleged debt is located in Clark County, Nevada.

## III.

## PARTIES

3. Plaintiffs are natural persons who reside(d) in Clark County, Nevada.

4. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.

## CLASS ACTION ALLEGATIONS

7. Class Representatives bring this Class Action against Defendant on behalf of themselves and all other individuals who received dunning letters from Defendant regarding an alleged debt owed resulting from residential real estate which was sold by way of a "short sale."

8. Defendant's debt collection methods as set forth herein have been and are continuing.

9. As the Class Representatives, Plaintiffs, on behalf of themselves and the class, seek to represent, equitable and legal remedies including monetary and nonmonetary remedies necessary to redress Defendant's violations of the FDCPA.

10. The Class is so numerous that joinder of all members is impracticable as the scope of Defendant's debt collection activities reach is so geographically extensive.

/ / /

11. The questions of law and fact are common to the class as the class action is based on FDCPA violations for individuals that received Defendant's collection letters as set forth herein.

12. The claims of the Class Representatives claim are identical to those of the Class.

13. The Class Representatives will fairly and adequately protect the interests of the Class.

## V.

## FACTUAL ALLEGATIONS

14. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse the consumer. 15 U.S.C. § 1692d;

   b. Making false, deceptive or misleading representations regarding the character and status of the debt. 15 U.S.C. § 1692(e);

   c. Using unfair or unconscionable means against our clients in connection with an attempt to collect a debt 15 U.S.C. § 1692(f).

15. Defendant's aforementioned violations of the FDCPA are based upon the following:

   a. Defendant sent Plaintiff, Steven Pinchuk, a dunning letter dated December 16, 2011 ("Dunning Letter") regarding an alleged debt owed to "CITI MORTGAGE" ("Citibank"), for a deficiency balance on real property.

   b. Plaintiff, Steven Pinchuk, had recently sold the real property at issue herein by way of a "short sale." Prior to finalizing the short sale Plaintiff, Steven Pinchuk, obtained written confirmation from Citibank that the deficiency balance on the real property would be waived and therefore not pursued.

Plaintiff, Steven Pinchuk, therefore did not owe Citibank any monies.

c. Defendant sent Plaintiff, Steven Pinchuk, a dunning letter even though they knew he did not owe the original creditor any monies. The purpose of this dunning letter was to harass, oppress and abuse Plaintiff, Steven Pinchuk.

d. Additionally, the Dunning Letter made false, deceptive and misleading representations regarding the character and status of the alleged debt – i.e. that Plaintiff, Steven Pinchuk, owed "$84,921.55" and "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" when in fact he did not owe the creditor any monies.

e. Finally, it was unfair and unconscionable for Defendant to attempt to seek financial gain from Plaintiff, Steven Pinchuk, when in fact, Plaintiff, Steven Pinchuk, did not owe any monies to the original creditor, or Defendant.

f. Defendant sent Plaintiffs, William and Julie Carr, a dunning letter dated December 28, 2011 ("Dunning Letter") regarding an alleged debt owed to "CITI MORTGAGE" ("Citibank"), for a deficiency balance on real property.

g. William and Julie Carr had recently sold the real property at issue herein by way of a "short sale." Prior to finalizing the short sale Plaintiffs, William and Julie Carr obtained written confirmation from Citibank that the deficiency balance on the real property would be waived and therefore not pursued. Plaintiffs, William and Julie Carr, therefore did not owe Citibank any monies.

h. Defendant sent Plaintiffs, William and Julie Carr, a dunning letter even though they knew he did not owe the original creditor any monies. The purpose of this dunning letter was to harass, oppress and abuse Plaintiffs, William and Julie Carr.

i. Additionally, the Dunning Letter made false, deceptive and misleading representations regarding the character and status of the alleged debt – i.e. that

Plaintiffs, William and Julie Carr owed "$34,702.41" and "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" when in fact he did not owe the creditor any monies.

j. Finally, it was unfair and unconscionable for Defendant to attempt to seek financial gain from Plaintiffs, William and Julie Carr, when in fact, Plaintiffs, William and Julie Carr did not owe any monies to the original creditor, or Defendant.

16. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiffs' right to privacy, causing injury to Plaintiffs' feelings, mental anguish and distress.

17. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiffs' private places and into private matters of Plaintiffs' life, conducted in a manner highly offensive to the reasonable person. With respect to these activities of Defendant, Plaintiffs had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## VI.

## FIRST CLAIM FOR RELIEF:

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiffs reincorporate by reference all of the preceding paragraphs.

19. As a direct and proximate cause of the acts described above, Plaintiffs have sustained and suffered damages.

20. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the rights of Plaintiffs, thereby warranting the imposition of punitive damages.

21. Plaintiffs have been forced to retain the services of legal counsel and Plaintiffs are entitled to an award of reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF:

## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22. Plaintiffs reincorporate by reference all of the preceding paragraphs.

23. As a direct and proximate cause of the acts described above, Plaintiffs have sustained and suffered damages.

24. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the rights of Plaintiffs, thereby warranting the imposition of punitive damages.

25. Plaintiffs have been forced to retain the services of legal counsel and Plaintiffs are entitled to an award of reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorneys' fees; and
6. For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. § 1982(a)(c)(1) and the Seventh Amendment to the United States Constitution, Plaintiffs hereby demands a trial by jury.

DATED this 22nd day of May, 2012.

COGBURN LAW OFFICES

By: /s/ Larson A. Welsh, Esq.
JAMIE S. COGBURN, ESQ.
Nevada Bar #8409
LARSON A. WELSH, ESQ.
Nevada Bar #12517
9555 S. Eastern Ave., Suite 280
Las Vegas, NV  89123
Attorneys for Plaintiffs

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936